1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  Moofly Productions, LLC,         )   CV 13-5866 RSWL (PJWx)
                                      )
12                  Plaintiff,        )
         v.                           )   **ORDER TO SHOW CAUSE RE:**
13                                    )   **SUBJECT MATTER**
     Sandra Favila, an                )   **JURISDICTION**
14   individual; Estate of            )
     Richard C. Corrales; and         )
15   Does 1 through 10,               )
     inclusive,                       )
16                                    )
                                      )
17                  Defendants.       )
                                      )
18                                    )
                                      )
19   _____)

20       The Court is in receipt of Defendants and Counter-

21  Claimants Estate of Richard C. Corrales, Sandra

22  Corrales Favila, and Motion Graphix, Inc.'s

23  (collectively "Counter-Claimants") Notice of Removal,

24  which alleges federal question jurisdiction as the

25  ground for removing this Action to federal court [1].

26       The removal statute, 28 U.S.C. § 1441, allows a

27  defendant to remove a case originally filed in state

28  court when the case presents a federal question or is

an action between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b).  See also 28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985), and Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and Emich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)).

As the party invoking federal jurisdiction in this case, Counter-Claimants have the burden of establishing the existence of subject matter jurisdiction.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001); Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

The Notice of Removal alleges that removal is proper based on federal question jurisdiction.  Notice

1    of Removal ¶ 16.   In particular, the Notice of Removal

2    alleges that Counter-Claimants' first amended cross-

3    complaint alleges causes of action arising under

4    federal law.  Id. ¶ 7.

5        It is well established that "a case may *not* be

6    removed to federal court on the basis of a federal

7    defense, . . . even if the defense is anticipated in

8    the plaintiff's complaint."  Caterpillar, Inc. v.

9    Williams, 482 U.S. 386, 393 (1987).  Similarly, "a

10   counterclaim –– which appears as part of the

11   defendant's answer, not as part of the plaintiff's

12   complaint –– cannot serve as the basis for 'arising

13   under' jurisdiction."  Holmes Grou, Inc. v. Vornado Air

14   Circulation Sys., 535 U.S. 826, 831 (2002).  "Under the

15   longstanding well-pleaded complaint rule, . . . a suit

16   'arises under' federal law 'only when the plaintiff's

17   statement of his own cause of action shows that it is

18   based upon federal law.'"  Vaden v. Discover Bank, 556

19   U.S. 49, 60 (2009) (quoting Louisville & N.R. Co. v.

20   Mottley, 211 U.S. 149, 152 (1908)).  Because "plaintiff

21   is 'the master of the complaint,' the

22   well-pleaded-complaint rule enables him, 'by eschewing

23   claims based on federal law, . . . to have the cause

24   heard in state court.'"  Id. (quoting Caterpillar, 482

25   U.S. at 398-99).

26       Plaintiff Moofly Productions, LLC's ("Plaintiff")

27   First Amended Complaint ("FAC") alleges four state law

28   causes of action: (1) Intentional Interference with

3

Prospective Economic Advantage; (2) Intentional
Interference with Present Contractual Relations; (3)
Unfair Competition under California Business &
Professions Code section 17200 et seq.; and (4) Unfair
Competition under California Business & Professions
Code section 17000 et seq.  FAC ¶¶ 17-55.  In other
words, Plaintiff's FAC pleads only state-law tort
claims and state law claims arising under California
statute, not federal claims.

 Therefore, it is **ORDERED** that Counter-Claimants
show cause why this case is removable to federal
district court.  Counter-Claimants have no later than
**October 7, 2013**, to respond, demonstrating why this
case should not be remanded for lack of subject matter
jurisdiction.  If Plaintiff and Cross-Defendants deem
it necessary to respond to Defendants' response, they
have no later than **October 21, 2013** to submit a
response to this Court.  If the Court is not in receipt
of the Plaintiff and Cross Defendants' response by that
date, the Court will deem the matter submitted and rule
on the papers presented before it.


**IT IS SO ORDERED.**

DATED: September 23, 2013


     RONALD S.W. LEW
     _____
     **HONORABLE RONALD S.W. LEW**
     Senior, U.S. District Court Judge

4