**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Moofly Productions, LLC,<br><br>                Plaintiff,<br>    v.<br><br>Sandra Favila, an individual; Estate of Richard C. Corrales; and Does 1 through 10, inclusive,<br><br>                Defendants. | CV 13-5866 RSWL (PJWx)<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

    The Court is in receipt of Defendants and Counter-Claimants Estate of Richard C. Corrales, Sandra Corrales Favila, and Motion Graphix, Inc.'s (collectively "Counter-Claimants") Notice of Removal, which alleges federal question jurisdiction as the ground for removing this Action to federal court [1].

    The removal statute, 28 U.S.C. § 1441, allows a defendant to remove a case originally filed in state court when the case presents a federal question or is

1

an action between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b). See also 28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985), and Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and Emich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)).

As the party invoking federal jurisdiction in this case, Counter-Claimants have the burden of establishing the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001); Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

The Notice of Removal alleges that removal is proper based on federal question jurisdiction. Notice

of Removal ¶ 16.  In particular, the Notice of Removal alleges that Counter-Claimants' first amended cross-complaint alleges causes of action arising under federal law.  Id. ¶ 7.

It is well established that "a case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).  Similarly, "a counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction."  Holmes Grou, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831 (2002).  "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'"  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quoting Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  Because "plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.'" Id. (quoting Caterpillar, 482 U.S. at 398-99).

Plaintiff Moofly Productions, LLC's ("Plaintiff") First Amended Complaint ("FAC") alleges four state law causes of action: (1) Intentional Interference with

3

Prospective Economic Advantage; (2) Intentional Interference with Present Contractual Relations; (3) Unfair Competition under California Business & Professions Code section 17200 et seq.; and (4) Unfair Competition under California Business & Professions Code section 17000 et seq.  FAC ¶¶ 17-55.  In other words, Plaintiff's FAC pleads only state-law tort claims and state law claims arising under California statute, not federal claims.

Therefore, it is **ORDERED** that Counter-Claimants show cause why this case is removable to federal district court.  Counter-Claimants have no later than **October 7, 2013**, to respond, demonstrating why this case should not be remanded for lack of subject matter jurisdiction.  If Plaintiff and Cross-Defendants deem it necessary to respond to Defendants' response, they have no later than **October 21, 2013** to submit a response to this Court.  If the Court is not in receipt of the Plaintiff and Cross Defendants' response by that date, the Court will deem the matter submitted and rule on the papers presented before it.

**IT IS SO ORDERED.**

DATED: September 23, 2013

*RONALD S.W. LEW*

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge