|   |   |
|---|---|
| 1 | **JAMES K. CAMERON & ASSOCIATES**, a PC<br>JAMES K. CAMERON, SBN 075997 |
| 2 | 17605 Tarzana Street<br>Encino, California  91316 |
| 3 | Tel: (818) 380-6880  Fax: (818) 817-2390<br>E-mail:  jkcameronlaw@gmail.com |
| 4 | |
| 5 | Attorneys for Defendants ESTATE OF<br>RICHARD C. CORRALES and SANDRA |
| 6 | FAVILA, and Counterclaimants ESTATE<br>OF RICHARD C. CORRALES and |
| 7 | MOTION GRAPHIX, INC. |
| 8 | **LAW OFFICE OF GARY R. WALLACE**<br>GARY R. WALLACE, SBN 132214 |
| 9 | 4551 Glencoe Avenue, Suite 300<br>Marina del Rey, California  90292 |
| 10 | Tel: (310) 775-8719  Fax: (310) 775-8775<br>Email:  garyrwallace@ymail.com |
| 11 | Attorneys for Defendants ESTATE OF |
| 12 | RICHARD C. CORRALES and SANDRA<br>FAVILA, and Counterclaimant ESTATE |
| 13 | OF RICHARD C. CORRALES |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOOFLY PRODUCTIONS, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>SANDRA FAVILA, an individual; ESTATE OF RICHARD C. CORRALES; and DOES 1-10, Inclusive,<br><br>    Defendants.<br><br>[CAPTION CONTINUES ON NEXT PAGE] | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.  2:13-cv-5866 RSWL (PJWx)<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTER-CLAIMANTS' MOTION TO STRIKE ANSWER FILED ON BEHALF OF COUNTERCLAIM DEFENDANT GET FLIPPED, INC.<br><br>Complaint Filed:   January 24, 2013<br>Trial Date:        None<br><br>Hearing Date.:    November 19, 2013<br>Time:             10:00 a.m.<br>Courtroom:        Hon. Ronald S.W. Lew<br>                  312 N. Spring St.<br>                  5th Floor (Ctrm. 21)<br>                  Los Angeles, CA |

**REPLY MEMO P/A RE COUNTERCLAIMANTS' MOTION TO STRIKE GET FLIPPED, INC. ANSWER**     PAGE 1

| | |
|---|---|
| ESTATE OF RICHARD C. CORRALES, an entity through its executrix, Sandra Corrales Favila, and MOTION GRAPHIX, INC., a California Corporation in Dissolution, | ) ) ) ) ) ) |
| Counter-Claimants, | ) ) |
| vs. | ) ) |
| HELENA PASQUARELLA, individually and as trustee of THE KISS OF LIGHT TRUST dated August 31, 2002; MOOFLY PRODUCTIONS, LLC, a California limited liability company doing business at 3D Cheeze; RALEIGH WILLIAM SOUTHER aka RALEIGH SOUTHER, individually and as trustee of THE KISS OF LIGHT TRUST dated August 31, 2002; GET FLIPPED, INC., a California corporation; THOMAS JOEL, an individual; JOEL MEDIA GROUP, an Arizona corporation; and ROES 1-50, Inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Counter-Defendants | ) ) ) |

TO THE HONORABLE RONALD S. W. LEW, UNITED STATES DISTRICT JUDGE (SENIOR):

Defendant and Counter-Claimant Estate of Richard C. Corrales ("the Estate") and Counter-Claimant Motion Graphix, Inc. ("MGI") hereby respectfully submit their Reply Memorandum of Points and Authorities in support of their Joint Motion, filed herein on October 16, 2013, to strike the answer to the Counterclaim filed herein on September 25, 2013, on behalf of Counter-Defendant Get Flipped, Inc. ("GFI") only. This Reply is filed specifically in response to the opposition filed by Plaintiff/Counter-Defendant Moofly Productions, LLC, and Counter-Defendants Helena Pasquarella, individually and as trustee of the Kiss of the Light Trust, and Raleigh Souther, individually and as trustee

**REPLY MEMO P/A RE COUNTERCLAIMANTS' MOTION TO STRIKE GET FLIPPED, INC. ANSWER     PAGE 2**

of the Kiss of Light Trust (collectively "Three Opposing Parties").[1]

**INTRODUCTION.**

The opposition filed by the Three Opposing Parties not only lacks merit, it insults the readers' intelligence by presenting false and misleading arguments offered without any factual or legal support.

For starters, the Motion to Strike should be granted for the simple reason that Get Flipped, Inc. ("GFI") has failed to submit any opposition. Instead of submitting an opposition, GFI's counsel of record and registered agent for the service of process, who filed an answer on behalf of GFI as well as the Three Opposing Parties, seeks to muddy the waters by claiming that the status of GFI is "uncertain." No such uncertainty exists, nor have Counter-Claimants ever claimed any interest in the shares of GFI (as opposed to its assets). Indeed, this very counsel who alleges "uncertainty" is not only GFI's counsel of record in this matter, but also is the registered agent for service of process for GFI. The fact that counsel does not submit any opposition on behalf of the very client for whom it answered – GFI – speaks volumes about the fundamentally meritless and sanctionable opposition to the Motion.

The Motion to Strike should be granted for the further and equally dispositive reason that GFI, as a suspended corporate entity, cannot mount a defense to this action. Tacitly acknowledging this fact, the opposition entirely ignores the law cited by Counter-Claimants. Thus, because the motion is in effect unopposed, the Court should strike GFI's answer and find that GFI is in default.

**I.  THE MOTION TO STRIKE IS NOT OPPOSED BY THE PARTY AGAINST WHOM RELIEF IS SOUGHT.**

MGI's and the Estate's Motion to Strike is directed solely to the Answer to the First Amended Counter-Claim as filed on behalf of Get Flipped, Inc. ("GFI"). The

---

[1] Significantly, the party that is the subject of the motion, Counter-Defendant Get Flipped, Inc., has not filed an opposition. This is addressed further herein.

REPLY MEMO P/A RE COUNTERCLAIMANTS' MOTION TO STRIKE GET FLIPPED, INC. ANSWER     PAGE 3

1  Opposition filed by the Negrete Office is filed only on behalf of its other three clients –
2  the Three Opposing Parties. The Opposition, by its own terms, is not filed by GFI, even
3  though the Motion to Strike only seeks relief as to GFI. Thus, this Court should treat the
4  Motion to Strike as unopposed and grant it without further ado.

## II. THE OPPOSITION'S ARGUMENT THAT THE OWNERSHIP OF GFI IS "UNCERTAIN" IS COMPLETELY SPECIOUS.

While acknowledging the suspended status of Get Flipped, Inc. ("GFI"), the Three Opposing Parties (and their counsel) improperly attempt to paint a distorted picture of the lengthy and protracted litigation history among the parties in the underlying action.[2] Thus, they falsely contend that the ownership of GFI is "uncertain." Their asserted reasons for this uncertainty are at best flimsy and dubious. Apparently, they hope to convince this Court that a judgment which imposes a constructive trust upon the "assets" of GFI is the same as an award of ownership of, or levy upon, the "shares" of GFI. There is, of course, an important legal distinction between the shares and the assets of a company – one which the Three Opposing Parties just ignore.

The Three Opposing Parties also baselessly assert that "uncertainty" arises due to some unspecified prior allegation of ownership over GFI asserted by the Counter-Claimants. It is hardly coincidental that the "uncertainty" argument regarding GFI ownership arose only *after* Counter-Claimants advised GFI's counsel of GFI's suspended status. Apparently, the fact of the suspension caught GFI's counsel off-guard, but his response was to manufacture an issue that never previously existed.[3] However, the suspension is not recent and has not been cured even after Counter-Claimants brought it

---

[2] In Corrales v. Souther, the Corrales Estate obtained a judgment against Raleigh Souther and his corporation, Get Flipped, Inc. based upon, *inter alia*, fraudulent conduct by Mr. Souther.

[3] Mr. Negrete's office (GFI's counsel of record) only raised the "uncertainty" argument *after* his office filed the answer on behalf of GFI and (still) *after* Counter-Claimants' counsel pointed out to him the fact of GFI's suspension. See Declaration of James K. Cameron in Support of Counter-Claimants' Motion to Strike, par. 6.

to the attention of GFI's counsel.

The opposition does not explain why GFI's counsel, who also represents the Three Opposing Parties herein, filed an answer for GFI in the first place. In other words, if there truly is an uncertainty regarding GFI ownership, who authorized Mr. Negrete's office to enter GFI's appearance in this action? (Presumably Counter-Defendants herein Souther and Pasquarella, established at trial in <u>Corrales v. Souther</u> as the founding shareholders of GFI, continue in such capacity; Counter-Defendants have presented no evidence to the contrary. <u>See</u> Trial Court's Statement of Decision, page 16, lines 11-13.)

Just as notably, nowhere in the opposition is there even an indication that anyone has done anything or intends to do anything at all to cure GFI's suspension. Apparently, the Three Opposing Parties and their counsel expect the Court to ignore controlling law, and permit GFI to continue its involvement in the present action indefinitely, without any facts showing a genuine attempt to cure the suspension promptly, *and* without litigation counsel.[4]

### III. GFI'S COUNSEL OF RECORD, NOT JUST GFI, IS NOTABLY ABSENT FROM THIS MOTION.

The Three Opposing Parties' game-playing is not limited to the false and misleading arguments discussed above. Mr. Negrete's office is now apparently hiding from the fact that it is still counsel of record for GFI, as if doing so will afford his office some protection from adverse legal consequences (even, apparently, at the expense of his client). Thus, as mentioned above, Mr. Negrete's office has not filed an opposition (or even a response of any kind) to the instant motion on GFI's behalf.

Furthermore, in the Three Opposing Parties' opposition brief, Mr. Negrete – identified as counsel in that brief (and who signed it for these Three Opposing Parties) --

---

[4] Again, as mentioned above, having been informed by Counter-Claimants' counsel of the GFI suspension, Mr. Negrete no longer purports to represent GFI in this action. However, he has not been substituted out of the action as GFI's counsel and has not sought to be relieved as its counsel.

REPLY MEMO P/A RE COUNTERCLAIMANTS' MOTION TO STRIKE GET FLIPPED, INC. ANSWER      PAGE 5

no longer identifies his office as GFI's counsel. Of course, such tactics do nothing to avoid the reality that Mr. Negrete's office *is* still counsel of record to GFI. In this regard, Mr. Negrete's office has not given notice of any substitution of counsel or of any motion to be relieved as counsel. As the Court (and Mr. Negrete's office) knows, GFI (a corporation) cannot appear in this action without counsel, regardless of its status.

### IV. THERE IS NO REASON TO DELAY THE GRANTING OF THIS MOTION.

The Three Opposing Parties' request that the Motion to Strike be denied until such time as the purported ambiguity regarding the ownership of GFI is resolved should be rejected for one simple reason – the opposition fails to establish any such ambiguity. The Three Opposing Parties only hope that the Court will be misled into believing this blatant falsehood. Even if ownership of GFI's shares were in question, nothing in the opposition suggests, let alone establishes, that anything is even being done to resolve that alleged confusion. Thus, additional time is not warranted to permit GFI to obtain a revivor certificate. It is apparent from GFI's lack of continued involvement in these proceedings that the person or persons who hold the majority ownership therein have no present intention of doing anything that would warrant this Court's leniency.

### V. SANCTIONS AGAINST GFI, THE OPPOSING PARTIES AND ITS COUNSEL ARE WARRANTED.

GFI, the Three Opposing Parties, and their counsel each have engaged in frivolous and deceitful tactics toward this Court in connection with the GFI suspension issue. Rather than present honest forthright argument supported by facts and law, they have chosen a different path, thus mandating this reply.[5] This Court should not ignore

---

[5] This is hardly the first time that the Three Opposing Parties have employed such tactics. For example, Superior Court Judge Mary Ann Murphy found, in the underlying *Corrales v. Souther* case, that the trial testimony of defendant (Counter-Defendant herein) Raleigh Souther lacked credibility. Moreover, United States Bankruptcy Judge Erithe Smith awarded $15,000 in sanctions against GFI and Mr. Negrete in connection with her dismissal of GFI's and Souther's bad faith bankruptcy filings in 2009, which Negrete had engineered and filed.

**REPLY MEMO P/A RE COUNTERCLAIMANTS' MOTION TO STRIKE GET FLIPPED, INC. ANSWER      PAGE 6**

the egregiousness of their conduct, which (given their pattern of conduct over the past several years) likely will continue unless and until this Court imposes stiff deterrent sanctions, which this Court has ample power and authority to do.

**VI. CONCLUSION.**

  For the foregoing reasons, Counter-Claimants respectfully request that the Motion to Strike be granted.

Dated: November 5, 2013  JAMES K. CAMERON & ASSOCIATES, A PC
            And LAW OFFICE OF GARY R. WALLACE


          By: _____/s/_____
            James K. Cameron
            Attorneys for Defendants and
            Counterclaimants

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 17605 Tarzana Street, Encino, CA  91316.

On November 5, 2013, I served the foregoing documents described as:

**COUNTERCLAIMANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

(X)   (BY ELECTRONIC TRANSMISSION) I caused the documents to be transmitted electronically to the person listed below no later than 5:00 p.m. on November 5, 2013.  No error was reported in connection with said transmission:

Carlos Negrete, Esq.
Law Offices of Carlos Negrete
27422 Calle Arroyo
San Juan Capistrano, CA 92675
cnegrete@negretelaw.com
cnegrete1@hotmail.com

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Executed this 5th day of November, 2013, at Encino, California.


/s/
JAMES K. CAMERON