1 | Timothy J. Toohey, Esq.  SBN: 140117
    TToohey@mpplaw.com
2 | **MORRIS POLICH & PURDY LLP**
    1055 West Seventh Street, 24th Floor
3 | Los Angeles, California 90017
    Telephone:     (213) 891-9100
4 | Facsimile:     (213) 488-1178

5 | Attorneys for Defendant and Counter-Claimant
    ESTATE OF RICHARD C. CORRALES and
6 | Counter-Claimant MOTION GRAPHIX, INC.

7 | (ADDITIONAL COUNSEL LISTED BELOW)

8 |

```
                              FILED
                CLERK, U.S. DISTRICT COURT

                   MAR 2 7 2014

         CENTRAL DISTRICT OF CALIFORNIA
         BY                        DEPUTY
```

9 |

10 |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11 | MOOFLY PRODUCTIONS, LLC, a
     California Limited Liability Company,

Case No.: 2:13-cv-5866/RSWL (PJWx)

12 |          Plaintiff,

STIPULATED PROTECTIVE ORDER

13 | vs.

Discovery Cut-Off:      Sept. 8, 2014
Pre-Trial Conference:  Nov. 17, 2014

14 | SANDRA FAVILA, an individual; et
     al.,

Trial Date:             Dec. 2, 2014
Complaint Filed:        Jan. 24, 2013

15 |

16 |          Defendants.

17 |

18 | ESTATE OF RICHARD C.
     CORRALES; et al.,

19 |          Counter-Claimants,

20 | vs.

21 | HELENA PASQUARELLA; et al.,

22 |          Counter-Defendants.

23 |

24 |

25 |

26 |

27 |

28 |

James K. Cameron, Esq.  SBN: 75997
jkcameronlaw@gmail.com
**JAMES K. CAMERON & ASSOCIATES, A PC**
17605 Tarzana Street
Encino, California 91316
Telephone:    (818) 380-6880
Facsimile:    (818) 817-2390

Attorneys for Defendants ESTATE OF RICHARD C.
CORRALES and SANDRA FAVILA and
Counter-Claimants ESTATE OF RICHARD C. CORRALES
and MOTION GRAPHIX, INC.

Gary R. Wallace, Esq.  SBN: 132214
garyrwallace@ymail.com
**LAW OFFICE OF GARY R. WALLACE**
4551 Glencoe Avenue, Suite 300
Marina del Rey, California 90292
Telephone:    (310) 775-8719
Facsimile:    (310) 775-8775

Attorneys for Defendants ESTATE OF RICHARD C.
CORRALES and SANDRA FAVILA and
Counter-Claimant ESTATE OF RICHARD C. CORRALES

STIPULATED PROTECTIVE ORDER

1    Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Parties'

2  Stipulation, the Court issues the following Protective Order:

3  1.    DEFINITIONS.

4    1.1    Party: any party to this action, including any party's officers,

5  directors, employees, retained experts, and outside counsel (and their support

6  staff).

7    1.2    Disclosure or Discovery Material: for purposes of this Order,

8  "Discovery Material" means all items or information, regardless of the medium or

9  manner generated, stored, or maintained (including, among other things,

10  testimony, transcripts, or tangible things) that are produced or generated in

11  disclosures or responses to discovery in this matter, e.g., documents, electronically

12  stored information, testimony, discovery request, discovery response, motion,

13  filing with the Court, thing, or any portion thereof that qualifies to be designated

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

15  ONLY" under the standards developed under Fed. R. Civ. P. 26(c).

16    1.3    Designations: Any confidential or proprietary information or

17  document or electronically stored information produced by any party or non-party

18  as part of discovery in this action may be designated by the producing party as

19  "CONFIDENTIAL." As a general guideline, and without limitation, a document

20  or electronically stored information may be designated "CONFIDENTIAL" when

21  it contains personal or business financial information, including but not limited to

22  customer information, business relations, or any other matter that would put the

23  producing party at a competitive disadvantage if the information became known to

24  third parties. Material may be designated as "HIGHLY CONFIDENTIAL-

25  ATTORNEYS' EYES ONLY" information if it constitutes trade secret

26  information or other confidential research, product or service development, or

27  commercial information subject to protection under Fed. R. Civ. P. 26(c)(1)(G)

28  and the disclosure of such information other than provided for by this Order for

1  "ATTORNEYS' EYES ONLY" information would materially affect the business,

2  financial or commercial interests of the party producing, such as (by way of

3  example but not limitation) information regarding the finances of the producing

4  party or which any party is under a separate contractual obligation to maintain as

5  confidential.

6      1.4    Receiving Party: a Party that receives Disclosure or Discovery

7  Material from a Producing Party.

8      1.5    Producing Party: a Party or non-party that produces Disclosure or

9  Discovery Material in this action.

10     1.6    Designating Party: a Party or non-party that designates information

11 or items that it produces in disclosures or in responses to discovery as

12 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

13 ONLY."

14     1.7    Protected Material: the information in a Disclosure or Discovery

15 Material that is designated as "CONFIDENTIAL" or "HIGHLY

16 CONFIDENTIAL-ATTORNEYS' EYES ONLY."

17     1.8    Outside Counsel: attorneys and their support staff who are not

18 employees of a Party but who are retained to represent or advise a Party in this

19 action.

20     1.9    House Counsel: attorneys who are employees of a Party.

21     1.10   Counsel (without qualifier): Outside Counsel and House Counsel (as

22 well as their support staffs).

23     1.11   Expert: a person or business entity, including its employees and

24 subcontractors, with specialized knowledge or experience in a matter pertinent to

25 the litigation who has been retained by a Party or its counsel to serve as an expert

26 witness or as a consultant in this action, whether disclosed or undisclosed, and

27 who is not a current employee of a Party's competitor and who, at the time of

28 retention, has no pending application or offer to become an employee of or

4

1   consultant to a Party's competitor. This definition includes a professional jury or
2   trial consultant retained in connection with this litigation.

3       1.12   <u>Professional Vendors</u>: persons or entities that provide litigation
4   support services (e.g., photocopying; videotaping; translating; preparing exhibits
5   or demonstrations; organizing, storing, retrieving data in any form or medium;
6   etc.) and their employees and subcontractors.

7   2.   <u>SCOPE</u>.

8       The protections conferred by this Stipulation and Order cover not only
9   Protected Material (as defined above), but also any information copied or
10  extracted therefrom, as well as all copies, excerpts, summaries, or compilations
11  thereof, plus testimony, conversations, or presentations by parties, experts, or
12  counsel to or in court or in other settings that contain or would reveal Protected
13  Material.

14  3.   <u>DURATION</u>.

15      Even after the termination of this litigation, the confidentiality obligations
16  imposed by this Order shall remain in effect until a Designating Party agrees
17  otherwise in writing or a court order otherwise directs. The Court's jurisdiction to
18  enforce the terms of the Order shall continue after the final conclusion of all
19  aspects of the litigation.

20  4.   <u>DESIGNATING PROTECTED MATERIAL</u>.

21      4.1   <u>Exercise of Restraint and Care in Designating Material for</u>
22  <u>Protection</u>. To the extent reasonably possible, each Party or non-party that
23  designates information or items as Protected Material under this Order must take
24  care to limit any such designation to specific material that qualifies under the
25  appropriate standards. The parties agree that, where it would not be cost effective
26  to review every document for confidentiality issues, the parties may designate an
27  entire group of documents as "CONFIDENTIAL" or "HIGHLY
28  CONFIDENTIAL-ATTORNEYS' EYES ONLY", including but not limited to the

1   case of mass e-mail or internal document production. If the opposing party, upon

2   review, feels that a particular document is not properly "CONFIDENTIAL" or

3   "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", the party may

4   confer with the Designating Party, which shall withdraw the designation if

5   warranted. Absent agreement, the parties may seek Court relief as provided

6   herein.

7       4.2   Manner and Timing of Designations. Except as otherwise provided in

8   this Order (see, e.g., second paragraph of Section 4.2(a), below), or as otherwise

9   stipulated or ordered, material that qualifies for protection under this Order must

10  be clearly so designated before the material is disclosed or produced. Any party or

11  non-party that is called upon to provide discovery in this action may designate any

12  Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL-

13  ATTORNEYS' EYES ONLY under the terms of this Order.

14          (a)   A party or non-party may designate as CONFIDENTIAL or

15  HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY as follows:

16              (i)   for information in documentary form (apart from

17  transcripts of depositions or other pretrial or trial proceedings), that the Producing

18  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-

19  ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

20              A Party or non-party that makes original documents or

21  materials available for inspection need not designate them for protection until

22  after the inspecting Party has indicated which material it would like copied and

23  produced. During the inspection and before the designation, all of the material

24  made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY

25  CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has

26  identified the documents it wants copied and produced, the Producing Party must

27  determine which documents, or portions thereof, qualify for protection under this

28  Order, then, before producing the specified documents, the Producing Party must

STIPULATED PROTECTIVE ORDER

1 │ affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
2 │ ATTORNEYS' EYES ONLY" at the top of each page that contains Protected
3 │ Material. The Designating Party will bear the reasonable costs of producing and
4 │ designating such Protected Materials.

5 │      (ii)   for testimony given in deposition, that the Party or non-
6 │ party offering or sponsoring the testimony identify on the record, before the close
7 │ of the deposition, that the deposition contains "CONFIDENTIAL" or "HIGHLY
8 │ CONFIDENTIAL-ATTORNEYS' EYES ONLY" information. Within 30 days
9 │ after the deponent has circulated his/her changes to the deposition transcript or
10 │ confirmed that he/she has no changes to the deposition transcript, the Designating
11 │ Party shall identify the specific portions of the deposition testimony that contain
12 │ "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
13 │ ONLY" information. The remaining portions of the deposition transcript neither
14 │ designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall no
15 │ longer be subject to this Order.

16 │      (iii)   for information produced in some form other than
17 │ documentary, and for any other tangible items, that the Producing Party affix in a
18 │ prominent place on the exterior of the container or containers in which the
19 │ information or item is stored the legend CONFIDENTIAL" or "HIGHLY
20 │ CONFIDENTIAL-ATTORNEYS' EYES ONLY."

21 │     4.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent
22 │ failure to designate qualified information or items as "CONFIDENTIAL" or
23 │ "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, standing
24 │ alone, waive the Designating Party's right to secure protection under this Order for
25 │ such material. If material is appropriately designated as "CONFIDENTIAL" or
26 │ "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material
27 │ was initially produced, the Receiving Party, on timely notification of the
28 │

1   designation, must make reasonable efforts to assure that the material is treated in
2   accordance with the provisions of this Order.

3   5.      CHALLENGING DESIGNATIONS.

4          5.1     Timing of Challenges. A Party does not waive its right to challenge a
5   confidentiality designation by electing not to mount a challenge promptly after the
6   original designation is disclosed. In all cases, however, the Parties shall endeavor
7   to identify at the earliest opportunity those designations that they oppose.

8          5.2     Meet and Confer. A Party that elects to initiate a challenge to a
9   Designating Party's confidentiality designation must do so in good faith and must
10  begin the process by identifying the confidentiality designation it is challenging,
11  explaining the basis for its belief that the confidentiality designation was not
12  proper and conferring directly with counsel for the Designating Party in
13  accordance with Civil Local Rule 37-1. The Designating Party, after it has had an
14  opportunity to review the designated material and to reconsider the circumstances
15  for the designation, and if no change in designation is offered, is to respond in
16  writing to the challenging Party's grounds and challenges, and to provide a good
17  faith explanation for the basis of the chosen designation. The Parties should then
18  proceed to the next stage of the challenge process only if it has engaged in this
19  meet and confer process first.

20         5.3     Judicial Intervention. A Party that elects to press a challenge to a
21  confidentiality designation after the meet and confer process may proceed
22  pursuant to Civil Local Rules 37-2 and 37-3 and, if applicable, Civil Local Rule
23  79-5, and must identify in the submissions to the Court the challenged material
24  and set forth in detail the basis for the challenge. Upon any hearing, the initial
25  burden of proof shall be on the party challenging the designations. The Party
26  challenging the designation must show more than a mere disagreement over the
27  designation. The challenging Party must establish that the protected material was
28  wrongly designated and show a compelling need to have it redesignated. Upon

1   such a showing, the burden of persuasion that the material has been properly

2   designated shifts to the Designating Party. Until the Court rules on the challenge,

3   all parties shall continue to afford the material in question the level of protection

4   to which it is entitled under the Designating Party's designation.

5   6.   ACCESS TO AND USE OF PROTECTED MATERIAL.

6        6.1   Basic Principles. A Receiving Party may use Protected Material that

7   is disclosed or produced by another Party or by a non-party in connection with this

8   case only for prosecuting, defending, or attempting to settle this litigation. Such

9   Protected Material may be disclosed only to the categories of persons and under

10   the conditions described in this Order. When the litigation has been terminated, a

11   Receiving Party must comply with the provisions of Section 10, below (FINAL

12   DISPOSITION).

13        Protected Material must be stored and maintained by a Receiving Party at a

14   location and in a secure manner that ensures that access is limited to the persons

15   authorized under this Order.

16        6.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless

17   otherwise ordered by the Court or permitted in writing by the Designating Party, a

18   Receiving Party may disclose any information or item designated

19   "CONFIDENTIAL" only to:

20        (a)   the officers, directors, and employees (including House

21   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

22   this litigation;

23        (b)   the Receiving Party's Outside Counsel of record in this action,

24   as well as employees of said Counsel;

25        (c)   independent experts (as defined in this Order) not employed by

26   any party who have been specifically retained by a party to give expert testimony

27   or otherwise assist in the preparation of this action for trial and who have signed

28

9

STIPULATED PROTECTIVE ORDER

1   the "Acknowledgment and Agreement to Be Bound by Protective Order"

2   (Exhibit A);

3         (d)   the Court and its personnel;

4         (e)   court reporters, their staffs, and Professional Vendors retained

5   by Counsel to whom disclosure is reasonably necessary for this litigation and

6   provided that Counsel ensures the Professional Vendors' compliance with this

7   Order;

8         (f)   during their depositions and in preparation for their

9   depositions, or at trial and during trial preparation, witnesses in the action to

10  whom disclosure is reasonably necessary. Pages of transcribed deposition

11  testimony or exhibits to depositions that reveal Protected Material must be

12  separately bound by the court reporter and may not be disclosed to anyone except

13  as permitted under this Protective Order; and

14        (g)   the author or any recipient of the document or the original

15  source of the information.

16        (h)   the insurer, reinsurer, auditor, attorney, or accountant of any of

17  the above, but only to the extent reasonably necessary and required by the insurer,

18  reinsurer, auditor, attorney or accountant to discharge his, her, or its official or

19  contractual duties.

20     6.3   Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

21  ONLY" Information or Items. Unless otherwise ordered by the Court or permitted

22  in writing by the Designating Party, a Receiving Party may disclose any

23  information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS'

24  EYES ONLY" only to those persons described in Paragraphs 6.2(b) through (e),

25  and (g), above. If a party believes it is reasonably necessary to allow the

26  disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

27  Discovery Materials to other persons or categories of persons, but the parties

28

1   cannot reach an agreement after meeting and conferring, the party may move the

2   Court to permit such disclosure for good cause.

3   7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

4         IN OTHER LITIGATION.

5         If a Receiving Party is served with a subpoena or an order issued in other

6   litigation or administrative proceeding, or before any deliberative body, that

7   would compel disclosure of any information or items designated in this action as

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

9   ONLY," the Receiving Party is to notify all Parties, in writing (by fax, if possible)

10  as soon as reasonably possible after receiving the subpoena or order. Such

11  notification must include a copy of the subpoena or court order. The Parties

12  understand and agree that the purpose of requiring the Receiving Party to notify

13  all Parties of the subpoena is to provide the Parties with sufficient time to file a

14  request for a protective order or motion to quash the subpoena.

15        The Receiving Party also must immediately inform in writing the Party that

16  caused the subpoena or order to issue in the other litigation that some or all the

17  material covered by the subpoena or order is the subject of this Protective Order.

18  In addition, the Receiving Party must deliver a copy of this Protective Order

19  promptly to the Party in the other action that caused the subpoena or order to

20  issue.

21        The purpose of imposing these duties is to alert the interested parties to the

22  existence of this Protective Order and to afford any Party hereto an opportunity to

23  try to protect its confidentiality interests in the court or body from which the

24  subpoena or order issued. The Party seeking such protection shall bear the burdens

25  and the expenses of seeking protection of its confidential material in that court,

26  and nothing in these provisions should be construed as authorizing or encouraging

27  a Receiving Party in this action to disobey a lawful directive from another court or

28  deliberative body.

8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing all other Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

9.   FILING PROTECTED MATERIAL.

    In the event that any party intends to include any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Protective Order as part of any motion, opposition, reply or other document, including any declarations (collectively "Filing") to be filed with the Court, the Filing shall be made under seal. Alternatively, if the CONFIDENTIAL and HIGHLY-CONFIDENTIAL ATTORNEYS' EYES ONLY Discovery Material can be redacted to obviate the need to file documents under seal, such as, by example, redacting names, addresses, amounts, or other confidential information, and, if appropriate, substituting generic identifiers, the Parties shall work together to agree to the appropriate redactions.

    **The parties understand that all Court orders will be presumptively available to the public. Therefore all papers submitted to the Court that quote or set forth "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall designate the particular information that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." This will enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. Absent such advance notification (and even**

1   with such notification to the extent the Court believes it appropriate), the

2   Court remains free to incorporate and publicly disclose all such evidence in

3   its written and oral rulings if it concludes that this information is neither

4   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

5   ONLY" information.

6          The parties further understand that in the event that the case proceeds

7   to trial, and the parties use information that was designated as

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

9   ONLY," and/or kept and maintained pursuant to the terms of this Protective

10  Order at trial, such information may become public and in such case will be

11  presumptively available to all members of the public, including the press,

12  unless sufficient cause is shown to proceed otherwise.

13  10.   FINAL DISPOSITION.

14         Unless otherwise ordered or agreed in writing by the Producing Party,

15  within sixty (60) days after the final termination of this action, each Receiving

16  Party must return all Protected Material to the Producing Party. As used in this

17  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

18  summaries or any other form of reproducing or capturing any of the Protected

19  Material. With permission in writing from the Designating Party, the Receiving

20  Party may destroy some or all of the Protected Material instead of returning it.

21  Whether the Protected Material is returned or destroyed, the Receiving Party must

22  submit a written certification to the Producing Party (and, if not the same person

23  or entity, to the Designating Party) by the sixty-day deadline that identifies (by

24  category, where appropriate) all the Protected Material that was returned or

25  destroyed and that affirms that the Receiving Party has not retained any copies,

26  abstracts, compilations, summaries or other forms of reproducing or capturing any

27  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

28  retain an archival copy of all pleadings, motion papers, transcripts, legal

13

STIPULATED PROTECTIVE ORDER

1   memoranda, correspondence or attorney work product, even if such materials
2   contain Protected Material. Any such archival copies that contain or constitute
3   Protected Material remain subject to this Protective Order as set forth in Section 3
4   (DURATION), above. The Court's jurisdiction to enforce the terms of the Order
5   shall continue after the final conclusion of all aspects of the litigation.
6   11.   CLAW BACK.
7        The inadvertent production of any document, electronically stored
8   information, material or other information during discovery in this action shall be
9   without prejudice to any claim that such material is privileged under the attorney-
10  client privilege or protected from discovery as work product within the meaning
11  of Rule 26 of the Federal Rules of Civil Procedure, and no party shall be held to
12  have waived any rights by such inadvertent production. Upon discovery of such
13  inadvertent production, a Producing Party may notify the Receiving Party and
14  request return of any such document or information, as well as any and all copies
15  which may have been made by the Receiving Party.
16  12.   MISCELLANEOUS.
17       12.1   Right to Further Relief. Nothing in this Order abridges the right of
18  any person to seek its modification by the Court in the future.
19       12.2   Right to Assert Good Faith Objections. By stipulating to the entry of
20  this Protective Order no Party waives any right it otherwise would have to object
21  in good faith to disclosing or producing any information or item on any ground
22  not addressed in this Protective Order. Similarly, no Party waives any right to
23  object on any good faith ground to use in evidence of any of the material covered
24  by this Protective Order.
25  ///
26  ///
27  ///
28  ///

14

STIPULATED PROTECTIVE ORDER

1   **AGREED TO:**

2   Dated: March 26, 2014                **MORRIS POLICH & PURDY LLP**

3

4                                        By: /s/ Timothy J. Toohey
                                         _____
5                                        Timothy J. Toohey
                                         Attorneys for Defendant and Counter-
6                                        Claimant ESTATE OF RICHARD C.
                                         CORRALES and Counter-Claimant
7                                        MOTION GRAPHIX, INC.

8   All of the following signatories concur in the filing's content and have authorized

9   the filing.

10  Dated: March 26, 2014                **JAMES K. CAMERON &**
                                         **ASSOCIATES, A PC**
11

12

13                                       By: /s/ James K. Cameron
                                         _____
14                                       James K. Cameron
                                         Attorneys for Defendants ESTATE
                                         OF RICHARD C. CORRALES and
15                                       SANDRA FAVILA and Counter-
                                         Claimants ESTATE OF RICHARD
16                                       C. CORRALES and MOTION
                                         GRAPHIX, INC.

17  Dated: March 26, 2014                **LAW OFFICE OF GARY R.**
                                         **WALLACE**
18

19

20                                       By: /s/ Gary R. Wallace
                                         _____
                                         Gary R. Wallace
21                                       Attorneys for Defendants ESTATE
                                         OF RICHARD C. CORRALES and
22                                       SANDRA FAVILA and Counter-
                                         Claimant ESTATE OF RICHARD C.
23                                       CORRALES

24  IT IS SO ORDERED.

25

26

27  3/27/14

28

15
STIPULATED PROTECTIVE ORDER

1    Dated:  March 26, 2014

**CARLOS F. NEGRETE LAW OFFICES**

2

3

4    By: /s/ Carlos F. Negrete

Carlos F. Negrete

5    Attorneys for Plaintiff MOOFLY
PRODUCTIONS, LLC and for

6    Counter-Defendants MOOFLY
PRODUCTIONS, LLC; HELENA

7    PASQUARELLA; GET FLIPPED,
INC.; THE KISS OF LIGHT TRUST

8    DATED AUGUST 31, 2002; and
RALEIGH WILLIAM SOUTHER

9    Dated:  March 26, 2014            **WALTON & WALTON, LLP**

10

11   By: /s/ L. Richard Walton

12   L. Richard Walton
Samuel J. Levy

13   Attorneys for Third Party Defendants
THOMAS JOEL and JOEL MEDIA

14   GROUP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16
STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT

TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name] of

_____ [print or type full address] declare under

penalty of perjury under the laws of the United States and California that I have

read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Central District of California on

_____ [date] in the case of *Moofly Productions, Inc. v. Favila, et al.,*

Case No. CV-5866 RSWL ("Protective Order"). I agree to comply with and to be

bound by all the terms of this Protective Order. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Protective

Order to any person or entity except in strict compliance with the provisions of

this Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of the Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print

or type full name] of:

_____

_____

_____

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any

proceeding related to enforcement of this Protective Order.

Date: _____

17

1   City and State where sworn and signed: _____

2

3   Printed Name: _____

4

5   Signature: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28