UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | _____ |
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

==========================================================================

**CASE NO.:** CV 13-05866 SJO (PJWx)          **DATE:** November 2, 2015

**TITLE:** *Moofly Productions, LLC v. Sandra Favila et al.*

==========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                            Not Present
Courtroom Clerk                                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                   Not Present

==========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING COUNTER-DEFENDANTS THE JOEL PARTIES' MOTION FOR ATTORNEY'S FEES** [Docket No. 256]

This matter is before the Court on Counter-Defendants Thomas Joel and Joel Media Group's (collectively, the "Joel Parties") Motion for Attorney's Fees Pursuant to 17 U.S.C. § 505 ("Motion"), filed July 27, 2015.  Defendants/Counter-Claimants the Estate of Richard C. Corrales (the "Corrales Estate"), Sandra Corrales Favila ("Favila"), and Motion Graphix, Inc. ("MGI") (collectively, the "Corrales Parties") filed their opposition to the Motion ("Opposition") on August 10, 2015.[1]  (*See generally* Opp'n, ECF No. 260.)  The Joel Parties filed their Reply on August 17, 2015.  (*See generally* Reply, ECF No. 261.)  The Court granted the Joel Parties' Motion for Attorney's Fees and ordered that the Joel Parties file redacted billing records, so the Court could calculate the reasonable attorney's fees.  The Joel Parties filed the Billing Records on September 22, 2015, and the Corrales Parties filed their objections on September 29, 2015.  For the following reasons, the Court **GRANTS the Joel Parties' Motion for Attorney's Fees in the amount of $77,651.65**.

I.      DISCUSSION

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs," and that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  The Court has already held that the Joel Parties are entitled to recovery of attorney's fees and now determines the appropriate amount.  (*See generally* Order Conditionally Granting Counter-Defs. Joel Parties' Mot. for Att'y's Fees ("Att'y's Fees Order," ECF No. 265.)

---

[1] The Corrales Parties' Opposition is several pages longer than the 10-page limit set by the Court.  In the interest of deciding this dispute on the merits, the Court considers the Opposition in its entirety.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-05866 SJO (PJWx)</u>     DATE: <u>November 2, 2015</u>

    A.    <u>Scope of the Award</u>

The Joel Parties seek $101,331.75 in attorney's fees for their attorneys, Walton & Walton LLP ("Walton Firm"). This amount, however, includes hours expended prior to January 21, 2015. In the Attorney's Fees Order, the Court clearly determined that the award of fees was only appropriate for services relating to the copyright infringement claim and only for the period of time after January 21, 2015. (Att'y's Fees Order 7.) Accordingly, the Court declines to consider the Joel Parties' attorney's fees for services rendered before January 21, 2015, and for services unrelated to the copyright infringement claim rendered after that date. This amounts to an initial reduction of **$22,868.75** from the $101,331.75 amount.

    B.    <u>Calculating Attorneys' Fees</u>

The Court next calculates the appropriate amount in attorney's fees under the lodestar method, which requires multiplying the number of hours the Joel Parties reasonably expended on the copyright litigation by a reasonable hourly rate for the region and for the experience of the attorney. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993); *see also City of Riverside v. Rivera*, 477 U.S. 561, 568-69 (1986); *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

The Joel Parties list the following hours expended by the Walton Firm: (1) 295.65 hours of work by L. Richard Walton, a Walton Firm partner, at the rate of $450 per hour; (2) 30.90 hours of work by Samuel Levy, a Walton Firm associate, at the rate of $150 per hour; (3) 5.8 hours of work by Faith K. Jones, a Walton Firm associate, at the rate of $300 per hour; (4) 10 hours of work by Lewis R. Walton, a Walton Firm partner, at the rate of $450 per hour; (5) 20.1 hours by Harold McDougall, a Walton Firm special counsel, at the rate of $300 per hour; (6) and 79.3 hours by Masai McDougall, a Walton Firm senior attorney, at the rate of $160 per hour. Because the Joel Parties are only entitled to hours expended with regard to the copyright claim brought by the Corrales Parties, (Att'y's Fees Order 9), the Joel Parties deduct the percentage of hours allocated to non-copyright claims. (Billing Records Re: Order on Mot. for Att'y Fees 1-2 ("Billing Records"), ECF 268-1.) The Firm apparently did not keep track of specific hours spent on the copyright claim versus other claims litigated in this matter.

The Corrales Parties seek to significantly lower the attorney's fees claimed by the Joel Parties to $27,059.98. They submit an annotated copy of the billing records and contend that: (1) the hourly rates charged for each attorney should be substantially reduced, (2) the Walton Firm excessively billed for certain tasks, (3) the Walton Firm block billed for certain tasks, (4) the Walton Firm seeks compensation for fees expended on issues not related to the copyright claim,(5) the Walton Firm impermissibly redacted certain billing entries while including privileged information in other billing entries, (6) the Walton Firm charged for the work of non-admitted lawyers, and (7) entries related to the Rule 11 Motion should be eliminated.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-05866 SJO (PJWx)</u>   DATE: <u>November 2, 2015</u>

The Court addresses each of the Corrales Parties' contentions in turn.

      1.    <u>Hourly Billing Rate</u>

A reasonable hourly rate is based on the market rates of the region and the experience of the lawyer. *See City of Riverside v. Rivera*, 477 U.S. 561, 568-69 (1986). Here, the Joel Parties have not submitted evidence supporting the market rates of the region, beyond the Declaration of L. Richard Walton and a spreadsheet listing the hours spent by the Walton Firm. L. Richard Walton states that: (1) Masai McDougall has six years of experience in litigation, (2) Samuel Levy has five years of experience in litigation, (3) Ms. Jones has seven years experience "in practice," and (4) Lewis R. Walton has forty seven years of experience in complex litigation. (Walton Decl. ¶ 10.) L. Richard Walton does not specify his own experience or Harold McDougall's experience.[2] (*See* Walton Decl., ECF No. 256-2.) Defendants, for their part, respond that the hourly rates are inappropriately high for attorneys with the Walton Firm's years of experience. They also contend that the Walton Firm specializes in tax law, rather than copyright law.

Despite the Joel Parties not submitting evidence of market rates, the Court concludes that the Walton Firm's rates are reasonable, based on its familiarity with rates charged in the Los Angeles area. The Court thus declines to reduce the hourly rates in the calculation of attorney's fees.

      2.    <u>Excessive Billing</u>

The Corrales Parties contend that the Walton Firm expended excessive hours on certain tasks completed on the following dates: April 22, 2015, May 27, 2015, May 28, 2015, May 29, 2015, July 23, 2015, July 24, 2015, July 26, 2015, July 27, 2015, August 10, 2015, August 12, 2015, August 13, 2015, August 16, 2015, and August 17, 2015. After reviewing these entries, the Court does not find them to be excessive. (*See* Response of Corrales Parties to Joel Parties Attorney Fee Records ("Response") 5, ECF No. 270.) In making this determination, the Court notes that the Corrales Parties object to the Walton Firm's $15,433 in fees "for a relatively straightforward motion for attorney's fees." (Response 5; Billing Records 3.) In the Corrales Parties' Opposition to the Joel Parties' Motion for Attorneys' Fees, however, the Corrales Parties seek to recover $14,300 in attorneys' fees, which were incurred in connection with the Motion for Attorneys' Fees. (Opp'n 4-5.) The parties thus apparently incurred substantially similar fees for similar work, and the Court sees no need to reduce the claim made by the Joel Parties.

---

[2] Because Samuel Levy, Faith Jones, and Lewis R. Walton did not provide any services after January 21, 2015, the Court does not reach the reasonableness of their rates.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   <u>CV 13-05866 SJO (PJWx)</u>            DATE:   <u>November 2, 2015</u>

In considering whether excessive billing occurred, the Court also reviews the entries to determine if partners performed work more appropriately assigned to law firm associates or junior members of a team.  The Court does not find this to be the case, and thus does not reduce fees on this basis.

Moreover, tasks for clerical or ministerial work are generally "not recoverable as part of a reasonable attorney's fee award."  Such tasks should be subsumed in a law firm's overhead. *Schrum v. Burlington N. Santa Fe Ry. Co.*, No. 04-0619, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008).  The Court does not find any instances in the record of clerical or ministerial work billed at the attorneys' rates.

The Court, however, will make limited reductions to the Walton Firm's billing entries for May 4, 2015, May 5, 2015, and May 27, 2015.  (*See* Billing Records 8, 10, 12.)  Those entries involve internal conferences between multiple attorneys in the Walton Firm, and the Court wishes to avoid double billing for the same meetings.

Accordingly, the Court reduces the amounts of those entries by 50%, resulting in a total reduction of **$1,333.50** for excessive billing.[3]

> 3.   <u>Block Billing</u>

The Corrales Parties also argue that the Walton Firm did not provide detailed entries on certain tasks. Block billing is a method of time keeping by which lawyers and legal assistants enter the total time spent working on a group of tasks rather than itemizing how much time was spent on each specific task.  A fee applicant bears the burden of providing documents supporting the number of hours expended in litigation.  *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007); *Cal. Alliance of Child & Family Servs. v. Wagner*, No. 09–04398, 2011 WL 2837423, at *3 (N.D. Cal. July 15, 2011) (holding that block billing makes it "impossible for the court to

---

[3]   The May 4, 2015 entry shows $315.00 and $210.00 billed by L. Richard Walton and Harold McDougall, respectively.  Reduced by half, that amounts to a $262.50 reduction.  The May 5, 2015 entry shows $360.00 and $240.00 billed by L. Richard Walton and Harold McDougall, respectively.  Reduced by half, that amounts to a $300.00 reduction.  The May 27, 2015 entry shows $540.00, $360.00, and $192.00 billed by L. Richard Walton, Harold McDougall, and Masai McDougall, respectively.  (While Harold McDougall's participation in the internal conference is included in a larger block of time, the Court assumes that his participation in the conference involved the same 1.2 hours as the other attorneys.)  Reduced by half, that amounts to a $546.00 reduction.  The June 24, 2015 entry shows $270.00 and $180.00 billed by L. Richard Walton and Harold McDougall, respectively.  Reduced by hagd, that amounts to a $225.00 reduction.  The total of these four reductions, $262.50, $300.00, $546.00, and $225.00, is $1,333.50.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-05866 SJO (PJWx)</u>  DATE: <u>November 2, 2015</u>

decipher how much time was spent on individual tasks and whether the time spent was reasonable").

Here, the Corrales Parties point to only two examples of vague or block-billed entries, both of which were billed for the period before January 21, 2015. Because the Court does not consider fees for that period, the Court declines to make adjustments based on block billing.

    4.    <u>Claims Not Related to Copyright</u>

The exhibits submitted by the Walton Firm provide a percentage of each task not related to the copyright claim. The Corrales Parties contend that even with this reduction, the Walton Firm is claiming compensation for tasks not related to the copyright claim. After reviewing the entries, the Court concludes that the Walton Firm has reduced its tasks adequately to distinguish copyright and non-copyright work.

    5.    <u>Redacted Entries</u>

The Corrales Parties contend that there are still heavy redactions on numerous entries for work performed, which makes it impossible to evaluate the fees charged for these entries. The Court disagrees with the Corrales Parties' contention. For example, the Corrales Parties object to the Walton Firm's March 12, 2015 billing entry; "Continued work on trying to settle Joel matter, correspondence with opposing counsel [redacted]." (Billing Records 7.) The Court believes that this and similar entries are sufficiently detailed to substantiate a claim for reasonable fees.

The Court will allow an adjustment for one entry; the Walton Firm's March 17, 2015 entry reads "[s]poke with [redacted] about [redacted]." This entry does not provide enough information to support a claim. Accordingly, the Court reduces the Walton Firm's claim by **$67.50**.

    6.    <u>Charging for the Work of Non-Admitted Attorneys</u>

Lawyers not admitted to this Court may perform work related to filings in this Court. However, lawyers may not undertake the work of admitted lawyers, such as appearing in a matter in court or meeting and conferring with opposing counsel without an admitted lawyer present. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819-20 (9th Cir. 2009).

Here, Masai McDougall did not undertake any impermissible work. His billable contributions to the matter were limited to tasks such as researching discrete issues and drafting and editing documents. Accordingly, the Court declines to reduce or eliminate Masai McDougall's entries based on his status as a non-admitted attorney.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-05866 SJO (PJWx)</u>　　　DATE: <u>November 2, 2015</u>

   7. <u>Final Computation of Fees</u>

Beginning with the total requested fees - **$101,921.40**[4] - and deducting those fees the Court will not permit as explained above, t he total amount of fees awarded is **$77,651.65.**

III. <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** the Joel Parties' Motion for Attorney's Fees in the amount of **$77,651.65**.

IT IS SO ORDERED.

---

 [4] This figure includes $101,331.75 in "fees" and $589.65 in "expenses." (*See* Billing Records 1.)